NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEYSIGHT TECHNOLOGIES, INC.,**
*Appellant*

**v.**

**CENTRIPETAL NETWORKS, LLC,**
*Appellee*

---

2025-1053

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2023-00448.

---

Decided:  July 21, 2026

---

JONATHAN IAIN MAX DETRIXHE, Reed Smith LLP, San Francisco, CA, argued for appellant.  Also represented by JONAH D. MITCHELL; GERARD M. DONOVAN, Washington, DC; JAMES CHRISTOPHER MARTIN, Pittsburgh, PA.

ANDREI IANCU, Sullivan & Cromwell LLP, Los Angeles, CA, argued for appellee.  Also represented by COOPER FRANKLIN GODFREY, DANIEL J. RICHARDSON, Washington, DC; AVIV S. HALPERN, Palo Alto, CA; AUSTIN PHILIP MAYRON, LAURIE STEMPLER, New York, NY; JENNA

FULLER, JEFFREY PRICE, Herbert Smith Freehills Kramer (US) LLP, New York, NY; JAMES R. HANNAH, Redwood Shores, CA.

————————————

Before LOURIE, CUNNINGHAM, and STARK, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Keysight Technologies, Inc. ("Keysight") appeals from a Final Written Decision of the United States Patent and Trademark Office Patent Trial and Appeal Board ("the Board") determining that Keysight failed to meet its burden to show that claims 6, 14, 22, 30, and 33 of Centripetal Networks, LLC's ("Centripetal's") U.S. Patent 11,012,474 ("the '474 patent") would have been obvious at the time of the effective filing date. J.A. 1–111 ("*Decision*"). For the following reasons, we *affirm*.

## BACKGROUND

The '474 patent is directed to "[m]ethods and systems for protecting a secured network" using "packet security gateways." '474 patent at Abstract. Packet security gateways are generally comprised of a "computing device configured to receive packets and perform a packet transformation function on the packets." *Id.* col. 5 ll. 1–3. Claims 6, 14, 22, and 30 include the limitation "wherein the packet security gateway is a [local area network ("LAN")] switch." *Id.* col. 26 ll. 22–23, col. 27 ll. 36–37, col. 28 ll. 50–51, col. 30 ll. 30–31. And claim 33 includes the limitation "wherein at least one packet transformation function is configured to route associated packets to a monitoring device." *Id.* col. 30 ll. 49–51.

Keysight petitioned for *inter partes* review ("IPR"), alleging that all claims of the '474 patent were obvious over various combinations of prior art. J.A. 275–354 (petition for IPR). Two of the asserted prior art references are relevant here: U.S. Patent Application Publication

2011/0072506 ("Law"), J.A. 892–929, and a publication titled "Analysis of Firewall Policy Rules Using Data Mining Techniques" ("Golnabi"), J.A. 1028–37.

Keysight's petition included a header in the argument section of its brief alleging that "Law in view of Golnabi renders obvious claims 1–3, 5–7, 9–11, 13–15, 17–19, 21–23, 25–27, 29–31, [and] 33," J.A. 276, 291, and a chart, reproduced below, alleging the same, J.A. 283.

| Ground | Claims | 35 U.S.C. § | References |
|--------|--------|-------------|------------|
| 1 | 1-3, 5-7, 9-11, 13-15, 17-19, 21-23, 25-27, 29-31, 33 | 103 | Law,[1] Golnabi[2] |
| 2 | 2, 10, 18, 26 | 103 | Law, Golnabi, Wood[3] |
| 3 | 4, 12, 20, 28 | 103 | Law, Golnabi, Ke[4] |
| 4 | 5, 13, 21, 29 | 103 | Law, Golnabi, Jungck[5] |
| 5 | 7-8, 15-16, 23-24, 31-32 | 103 | Law, Golnabi, Johnson[6] |

Keysight's petition included no other reference to claims 6, 14, 22, 30, or 33. That is, the petition contained no arguments specific to the unpatentability of claims 6, 14, 22, 30, or 33.

The Board granted institution of Keysight's IPR petition. J.A. 1278–1358 (Institution Decision). Consequently, the Board was required to institute an IPR with respect to every claim for which the petition sought review. *See SAS Inst. Inc. v. Iancu*, 584 U.S. 357, 370 (2018) ("There is no room in this scheme for a wholly unmentioned 'partial institution' power that lets the Director select only some challenged claims for decision."). In its Institution Decision, the Board explained that "[f]or claims 2, 3, 5–7, 10, 11, 13–15, 18, 19, 21–23, 26, 27, 29–31, and 33, [Keysight] provides an analysis supported by [its expert's] testimony about how the combined disclosures in Law and Golnabi teach the inventions covered by the claims." J.A. 1334.

And it noted that "[Centripetal] makes no arguments specific to" any of those claims. *Id.* The Board nonetheless determined, at least for purposes of institution, that "[Keysight] establishe[d] sufficiently that the combined disclosures in Law and Golnabi teach the inventions covered by" those claims. *Id.*

Thereafter, the Board heard oral argument, and one administrative patent judge questioned Keysight about claims 6, 14, 22, 30, and 33, noting that he "did not see in the petition any arguments on those" claims. J.A. 1940. Keysight acknowledged that "[t]he petition could have been more clear," but argued that the limitations of those claims "are addressed in the petition" and proceeded to belatedly argue the merits of the unpatentability of those claims. J.A. 1960–61. The Board subsequently issued a Final Written Decision determining that all claims but 6, 14, 22, 30, and 33 were unpatentable. *Decision*, J.A. 109–10. The Board explained that none of Keysight's petition, reply, or expert declaration addressed the obviousness of those claims, and Keysight therefore did not meet its burden to prove them unpatentable. *Id.* at 91–92, 94.

Keysight timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

"We review the Board's legal conclusions *de novo* and its factual findings for substantial evidence." *Emera-Chem Holdings, LLC v. Volkswagen Grp. of Am., Inc.*, 859 F.3d 1341, 1345 (Fed. Cir. 2017). Further, "the Board's judgments concerning what arguments are fairly presented in a petition" and "[d]ecisions related to compliance with the Board's procedures" are both reviewed for an abuse of discretion. *Netflix, Inc. v. DivX, LLC*, 84 F.4th 1371, 1376 (Fed. Cir. 2023); *Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1367 (Fed. Cir. 2016). "An abuse of discretion is found if the decision: (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on

an erroneous conclusion of law; (3) rests on clearly erroneous fact finding; or (4) involves a record that contains no evidence on which the Board could rationally base its decision." *Netflix*, 84 F.4th at 1376 (internal quotation marks and citation omitted). We must set aside a decision of the Board if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Keysight makes two main arguments on appeal: (1) the Board erred in not considering arguments offered in its petition that claims 6, 14, 22, 30, and 33 were unpatentable, Open. Br. 23–33; and (2) the Board erred in failing to explain inconsistencies and contradictions between its Institution Decision and Final Written Decision, *id.* at 34–42. We disagree with both.

First, we disagree with Keysight's contention that the Board failed to consider its arguments as to claims 6, 14, 22, 30, and 33. A petition for IPR must "identif[y], in writing and with particularity, each claim challenged, the grounds on which the challenge to each claim is based, and the evidence that supports the grounds for the challenge to each claim." 35 U.S.C. § 312(a)(3). This requires a petition to "[p]rovide a statement of the precise relief requested for each claim challenged," and to further state "[h]ow the construed claim is unpatentable under the statutory grounds [alleged]." 37 C.F.R. § 42.104(b)(4).

Although Keysight included a general assertion in a table and in a header of its argument section that a number of claims, including claims 6, 14, 22, 30, and 33, were unpatentable in view of Law and Golnabi, it did not specify how each element of claims 6, 14, 22, 30, and 33 was obviated by the prior art. In contrast, for every other claim that Keysight challenged as obvious, it included specific allegations pointing out where each claim element was purportedly in the prior art (or a cross-reference to an analysis performed elsewhere in its brief for the same limitation).

*See, e.g.*, J.A. 299–338.  Keysight did no such elemental analysis, and indeed offered no argument, for claims 6, 14, 22, 30, and 33.  Given that Keysight did not explain "[h]ow the construed claim is unpatentable under the statutory grounds [alleged]," 37 C.F.R. § 42.104(b)(4), the Board did not abuse its discretion in determining that Keysight's petition did not adequately address the obviousness of those claims.

Keysight relies on *In re: NuVasive Inc.*, 841 F.3d 966 (Fed. Cir. 2016) for support of its position that it adequately addressed the obviousness of claims 6, 14, 22, 30, and 33.  Reply Br. 4.  In that case, we determined under *de novo* review that the Board did not rely on a "new" ground of unpatentability, because the petition at issue adequately put a patent owner on notice as to that ground.  *NuVasive*, 841 F.3d at 970, 972.  We explained that, even though the petition "did not make a clear or direct reference to [a] limitation or a clear or direct assertion that the [limitation]" was disclosed in a prior art reference, the petition specifically discussed the relevant prior art figure.  *Id.* at 972.  The court determined that the petition "was at least minimally sufficient" to put the patent owner on notice.  *Id.*

At issue here is a materially different scenario.  We determined in *NuVasive* under *de novo* review that a petition adequately gave notice to a patent owner of a ground of unpatentability, but here Keysight failed entirely even to address the unpatentability of claims 6, 14, 22, 30, and 33 in its petition.

"A petitioner may not rely on a vague, generic, and/or meandering petition and later fault the Board for failing to understand what the petition really meant.  Ultimately, it is the petitioner's burden to present a clear argument." *Netflix*, 84 F.4th at 1377.  "[J]udges are not like pigs, hunting for truffles buried in briefs or the record . . . ." *Pipes v. United States*, 123 F.4th 1324, 1331 (Fed. Cir. 2024) (cita-

tion omitted). We cannot say that the Board abused its discretion in determining that Keysight's petition failed to address the obviousness of claims 6, 14, 22, 30, and 33 when it offered no arguments regarding those claims in its petition. *See Wasica Fin. GmbH v. Cont'l Auto. Sys.*, 853 F.3d 1272, 1285 (Fed. Cir. 2017) (affirming Board finding that petition failed to "advance a separate argument" with respect to a claim that was only mentioned in a header of the petition).

Second, we disagree with Keysight's assertion that the Board's failure to explain purportedly contradictory conclusions in its Institution Decision and its Final Written Decision was arbitrary and capricious.

Keysight states that the Board came to a conclusion in its Final Written Decision that was different from its conclusion in its Institution Decision. Open. Br. 34–37. While it is true that the Board instituted IPR proceedings with respect to all claims, including claims 6, 14, 22, 30, and 33, it did no substantive analysis regarding those claims in its Institution Decision and, in any event, the Board is not bound by determinations in its institution decisions. *See Trivascular, Inc. v. Samuels*, 812 F.3d 1056, 1068 (Fed. Cir. 2016) ("The Board is free to change its view of the merits after further development of the record, and *should do so* if convinced its initial inclinations were wrong." (emphasis in original)). As explained above, Keysight failed to specifically address the unpatentability of claims 6, 14, 22, 30, and 33 in its petition. The Board accordingly committed no error in reaching a conclusion in its Final Written Decision that was different from its Institution Decision upon a further review of the record.

Keysight finally argues that the Board was internally inconsistent in its Final Written Decision in determining that Keysight failed to meet its burden to show that claim 33 was unpatentable, yet the Board found other claims unpatentable with substantially the same limitations. Open.

Br. 38–39. To Keysight, such an inconsistency renders the Board's decision arbitrary and capricious. We disagree. Keysight offered arguments in its petition for the claims that the Board found to be unpatentable; it offered no arguments for claim 33. Keysight now points to evidence that purportedly shows that claim 33 is unpatentable, but it failed to point the Board to this evidence in its petition with respect to claim 33. Again, the Board committed no error in determining that Keysight failed to meet its burden to show that claim 33 was unpatentable when Keysight offered no argument as to that claim.

The ghost in the room here whispers that we are allowing plainly unpatentable claims to continue to live on. Be that as it may, we do not opine on the patentability of claims 6, 14, 22, 30, and 33. We are reviewing the Board's decision for an abuse of discretion, and we see none here. The Board is entitled to set and maintain standards for argumentation before it. The fault, if any, lies in a failure by the petition to fully argue the merits of every claim.

## CONCLUSION

We have considered Keysight's remaining arguments but find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**